IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMIR ABDULLAH HABEEB, | No. 2:14-cv-0706-CMK-P |
|     Petitioner, | |
|  vs. | ORDER |
| F. FOULK, | |
|     Respondent. | |
| _____/ | |

    Petitioner, a state prisoner, brings this action *in propria persona*. Petitioner initiated this action by filing a motion for an extension of time, asking for additional time in which to file his petition for writ of habeas corpus. Since then, petitioner has filed several requests to amend his complaint and/or supplement his complaint. He has also filed a motion to appoint counsel.

    As petitioner's first filing requested additional time to file his habeas petition, the court opened this case as a federal habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner subsequent filings, however, raises the question as to what petitioner is attempting to achieve in this action. His recent filings appear to challenge his treatment while incarcerated, referencing perhaps retaliation, use of excessive force, and other Eighth Amendment violations. He also

refers to himself as plaintiff, rather than as petitioner as he did in his original filing. Finally, he appears to name additional defendants rather than just the warden of the prison. It would appear, therefore, that his intention was to initiate a prisoner civil rights action under 42 U.S.C. § 1983, or perhaps initiate a separate action with the subsequent filings. Either way, the court needs clarification from petitioner.

Before this action can proceed, either as a habeas case or a prisoner civil rights action, petitioner's fee status must be resolved. The court notes that petitioner has not filed an application to proceed in forma pauperis, along with the proper certifications. In addition, before the court could grant such a motion, it has to be determined what type of action petitioner is pursing so the court can determine the appropriate filing fees.

When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985). Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

It appears petitioner wishes to challenge the conditions of his confinement, as he indicates that he is suffering from retaliation and use of excessive force. However, as he originally indicated his intention of filing a habeas petition, the court opened this action as a habeas case. To challenge the conditions of his confinement, or his treatment while incarcerated, petitioner is attempting to proceed under the wrong process. The Clerk of the Court will be directed to provide petitioner with both a new habeas petition as well as a civil rights complaint,

1  and petitioner will be required to choose how he wishes to proceed and file an amended pleading.

2          Either way petitioner chooses to proceed, his amended petition or complaint must be filed within the time provided in this order.  Petitioner must raise all his claims and/or grounds for relief in one pleading.  However, from petitioner's filings, it appears that he may be attempting to bring an action against several unrelated individuals on separate and unrelated claims.   The Federal Rules of Civil Procedure allow a party to assert "as many claims as it has against an opposing party," but does not provide for unrelated claims against several different defendants to be raised in the same action. Fed. R. Civ. Proc. 18(a).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

          Petitioner is warned that failure to file the appropriate pleading within the time provided in this order may be grounds for dismissal of this action.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992); see also Local Rule 110.  Petitioner is also warned that if he files a complaint which fails to comply with Rule 8 it may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

          Petitioner has also filed a motion for the appointment of counsel (Doc. 4).  Before his motion can be properly evaluated, the court must determine the proper classification for this case as the standards for appointing counsel are different depending on the type of proceeding.  Regardless of they type of proceeding, however, whether counsel is appointed to assist plaintiff will only be necessary if the action proceeds.  If this case is dismissed on procedural grounds, appointment of counsel will be unnecessary.  Therefore, the motion will be denied without prejudice to renewal once petitioner has filed the necessary amended pleadings and application to proceed in forma pauperis.

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for time to file his petition for writ of habeas corpus (Doc. 1) is granted to the extent that petitioner is required to file an actual petition to initiate this case;

2. The Clerk of the Court shall send petitioner both a blank petition for writ of habeas corpus and a blank prisoner civil rights form complaint;

3. Petitioner shall choose whether he will proceed in this action with a petition for writ of habeas corpus appropriately challenging a conviction or whether he will file a complaint to proceed in a civil rights action pursuant to 42 U.S.C. § 1983;

4. Petitioner shall file his amended pleading within 30 days of the date of service of this order;

5. Petitioner shall also submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the required certifications, or the appropriate filing fee;

6. The Clerk of the Court is further directed to send petitioner a new form Application to Proceed In Forma Pauperis By a Prisoner;

7. Petitioner's motion for appointment of counsel (Doc. 4) is denied without prejudice to renewal once petitioner determines how he will proceed in this action and files the appropriate amended pleadings and in forma pauperis application; and

8. Petitioner's motion to amend his complaint (Doc. 5) is denied as unnecessary.

DATED: October 30, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE