IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMIR ABDULLAH HABEEB,                         No. 2:14-cv-0706-CMK-P

    Plaitniff,

  vs.                                                                    ORDER

F. FOULK, et al.

    Defendants.

_____/

       Plaintiff, a former state prisoner, brings this action *in propria persona*. Plaintiff initiated this action by filing a motion for an extension of time, asking for additional time in which to file his petition for writ of habeas corpus. Upon initial screening, plaintiff was ordered to chose what type of action he was attempting to proceed with, file an appropriate pleading and resolve his fee status. Pending before the court is plaintiff's amended complaint (Doc. 12) and motion to proceed in forma pauperis (Doc. 13).

       Plaintiff's amended complaint makes it clear he wishes to proceed with this action as a civil rights action under 42 U.S.C. § 1983, and the Clerk of the Court will be directed to modify the docket accordingly. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security therefor. His motion[1] to proceed in forma pauperis will therefore be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are vague, but it appears he is claiming he was harassed and retaliated against for filing a sexual harassment complaint with internal affairs while at California Correctional Institute (CCI). He also seems to be claiming the correctional officers union

---

[1] It appears that plaintiff is no longer incarcerated. Therefore, the requirement under § 1915(a) for providing a trust account statement is no longer necessary.

conspired with prison officials effectively stopping prison employees from doing their jobs. He also seems to be challenging a rules violation report he received, and he makes general allegations regarding the grievance system.

## II. DISCUSSION

Plaintiff's complaint suffers from a number of defects. First, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other

words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. See Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. See id. Plaintiff's complaint must be dismissed for failure to state a claim. However, plaintiff will be grant leave to file an amended complaint.

As to the specific claims plaintiff attempts to state in his complaint, the standards for those the court can decipher will be outlined for plaintiff's benefit. As discussed below, if plaintiff chooses to file an amended complaint, he will be required to set forth with more particularity what his claims are.

**A.  Retaliation**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).

1  In meeting this standard, the prisoner must demonstrate a specific link between the alleged
2  retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th
3  Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner
4  must also show that the exercise of First Amendment rights was chilled, though not necessarily
5  silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir.
6  2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner
7  plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials
8  took adverse action against the inmate; (2) the adverse action was taken because the inmate
9  engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment
10 rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes,
11 408 F.3d at 568.  A plaintiff who fails to allege a chilling effect may still state a claim if he
12 alleges he suffered some other harm.  See Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)
13 (citing Rhodes, 408 F.3d at 568, n. 11).

14       Here, plaintiff states he was subjected to retaliation for filing a complaint about
15 sexual harassment, but fails to provide the court with any clear understanding of who did what,
16 and how his First Amendment rights were violated.  While he alleges he was subjected to strip
17 searches and false rules violation reports, he fails to provide supporting facts as to who was
18 responsible and what actually happened.  Conclusory statements about being subject to harassing
19 actions are insufficient.  If plaintiff files an amended complaint including this claim, he must
20 allege facts showing how he was retaliated against.

21       **B.     Conspiracy**

22       "The elements of an action for civil conspiracy are the formation and operation of
23 the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of a
24 common design." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 28 Cal.Rptr.2d 475
25 (1994) (quotations and citation omitted). "The conspiring defendants must also have actual
26 knowledge that a tort is planned and concur in the tortious scheme with knowledge of its

unlawful purpose." Kidron v. Movie Acquisition Corp., 40 Cal.App.4th 1571, 1582, 47 Cal.Rptr.2d 752, 758 (1995). Knowledge of the planned tort must also be combined with intent to aid in its commission. See id.

Plaintiff alleges the California Correctional Peace Officers Association (the Union) is corrupt and has conspired with prison officials to violate his rights. However, he fails to allege the actual formation and operation of a conspiracy, nor does he allege specific damages resulting from such acts. While there are allegations of acts done, such as interference with medical treatment, interference with the grievance process, and false rules violations, plaintiff fails to make the connection between the acts and the other elements of conspiracy.

### D. Due Process

With respect to the prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

It is unclear from the complaint whether plaintiff is actually challenging any of the rule violations he claims he wrongfully suffered. To the extent he has, he fails to provide the

court with sufficient information to evaluate this claim.  Specifically, he fails to allege the facts surrounding the charges, whether he was assessed loss of good-time credits, and how his due process rights were violated.

### E. Grievances

To the extent plaintiff's claims relates to the inmate grievance process, prisoners generally have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do retain a First Amendment right to petition the government through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

Again, it is unclear whether plaintiff is attempting to challenge any specific grievance, or any interference with his first amendment rights.  If he is, those allegations are not sufficiently clear for the court to evaluate.

/ / /

### IV.  CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 13) is granted;

2. The Clerk of the Court is directed to designate this as a prisoner civil rights action pursuant to 42 U.S.C. § 1983;

3. Plaintiff's amended complaint is dismissed with leave to amend; and

4. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: October 19, 2016

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE